UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JENNIFER J. CHAVEZ,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>　　　　Defendant. | No. CV-07-268-CI<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 10, 12.) Attorney Maureen Rosette represents plaintiff Jennifer Chavez (Plaintiff); Special Assistant United States Attorney Kathryn Miller represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. (Ct. Rec. 5.) After reviewing the administrative record and briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment, and directs entry of judgment for Defendant.

**JURISDICTION**

On January 6, 2006, Plaintiff protectively filed for disability insurance benefits and Supplemental Security Income benefits. (Tr. 68-76, 122.) She alleged disability due to back and neck pain associated with degenerative disk disease and osteoarthritis, with

an alleged onset date of April 15, 2004. (Tr. 83, 88.) Benefits were denied initially and on reconsideration. (Tr. 46.) Plaintiff requested a hearing before an administrative law judge (ALJ). A hearing was held on October 5, 2006, before ALJ Mary Bennett Reed. (Tr. 322-67.) Plaintiff, who was represented by counsel, and vocational expert Tom Moreland testified. The ALJ denied benefits and the Appeals Council denied review. (Tr. 5-7.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF THE CASE

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here. At the time of the hearing, Plaintiff was 33 years old and single. (Tr. 325-26.) She testified she had two children who lived with her. She had a ninth grade education and had completed her graduate equivalency degree. (Tr. 326.) Plaintiff had past work experience as a food server, janitor, bingo room floor attendant, and certified nurse assistant. (*Id.*, 363-64.) She stated she used methamphetamine five months before the hearing and recently participated in drug court and outpatient treatment. She testified she had used methamphetamine in the past, although she was vague about when. (Tr. 330.) She could not recall when and where she had been in drug treatment in the past, or for how long she was drug-free at any given time. (Tr. 331, 337.) She stated she stopped working at her last job in 2004 as a nurse assistant due to back pain. (Tr. 327.) Plaintiff testified she could sit for 10 to 30 minutes, stand for 15 minutes, walk a couple of blocks, pick up about three and a half pounds and could not bend at all. (Tr. 337-40.)

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

**ADMINISTRATIVE DECISION**

At step one, ALJ Reed found Plaintiff had not engaged in substantial gainful activity during the relevant time. (Tr. 18.) At step two, she found Plaintiff had the severe impairment of degenerative disk disease of the lumbar and cervical spine. (*Id.*) The ALJ also found Plaintiff had peritonitis, knee pain, intermittent headaches and methamphetamine use in the past, but none of these impairments lasted more than 12 months and therefore were not severe. (*Id.*) She determined at step three that these impairments, alone or in combination with other impairments, did not meet or medically equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings). (Tr. 20.) The ALJ found Plaintiff's allegations regarding symptoms and limitations were not totally credible. (Tr. 20-21.) At step four, she determined Plaintiff had a residual functional capacity (RFC) for light work with several postural limitations. (Tr. 20.) After consideration of vocational expert testimony and other evidence, the ALJ concluded Plaintiff could perform her past work as a bingo floor attendant and was, therefore, not disabled as defined by the Social Security Act. (Tr. 22.)

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098.

1       Put another way, substantial evidence is such relevant
        evidence as a reasonable mind might accept as adequate to
2       support a conclusion.  *Richardson v. Perales*, 402 U.S.
        389, 401 (1971).  If the evidence is susceptible to more
3       than one rational interpretation, the court may not
        substitute its judgment for that of the Commissioner.
4       *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of
        Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).
5
        The ALJ is responsible for determining credibility,
6       resolving conflicts in medical testimony, and resolving
        ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th
7       Cir. 1995).  The ALJ's determinations of law are reviewed
        *de novo*, although deference is owed to a reasonable
8       construction of the applicable statutes.  *McNatt v. Apfel*,
        201 F.3d 1084, 1087 (9th Cir. 2000).
9

10                          **SEQUENTIAL PROCESS**

11      Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the

12  requirements necessary to establish disability:

13          Under the Social Security Act, individuals who are
        "under a disability" are eligible to receive benefits.  42
14      U.S.C. § 423(a)(1)(D).  A "disability" is defined as "any
        medically determinable physical or mental impairment"
15      which prevents one from engaging "in any substantial
        gainful activity" and is expected to result in death or
16      last "for a continuous period of not less than 12 months."
        42 U.S.C. § 423(d)(1)(A).  Such an impairment must result
17      from "anatomical, physiological, or psychological
        abnormalities which are demonstrable by medically
18      acceptable clinical and laboratory diagnostic techniques."
        42 U.S.C. § 423(d)(3).  The Act also provides that a
19      claimant will be eligible for benefits only if his
        impairments "are of such severity that he is not only
20      unable to do his previous work but cannot, considering his
        age, education and work experience, engage in any other
21      kind of substantial gainful work which exists in the
        national economy. . . ."  42 U.S.C. § 423(d)(2)(A).  Thus,
22      the definition of disability consists of both medical and
        vocational components.
23
            In evaluating whether a claimant suffers from a
24      disability, an ALJ must apply a five-step sequential
        inquiry addressing both components of the definition,
25      until a question is answered affirmatively or negatively
        in such a way that an ultimate determination can be made.
26      20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f).  "The
        claimant bears the burden of proving that [s]he is
27      disabled."  *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir.
        1999).  This requires the presentation of "complete and
28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

1  detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Plaintiff argues the ALJ erred when she: (1) improperly rejected the opinion of her treating doctor, and (2) improperly rejected Plaintiff's subjective testimony. (Ct. Rec. 11 at 13-15.)

**DISCUSSION**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20

C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991). It is the Commissioner who is "responsible for determining credibility, resolving conflicts in medical testimony and for resolving ambiguities," in these proceedings. *Richardson,* 402 U.S. at 400; *Andrews*, 53 F.3d at 1039; *(Social Security Ruling) SSR* 96-8p.

**A.   Credibility**

At step four of the sequential evaluation, ALJ Reed found Plaintiff's statements regarding the limiting effects of her symptoms were "not credible." (Tr. 20.) Plaintiff argues the ALJ failed to give legally sufficient reasons for discounting her symptom testimony. (Ct. Rec. 11 at 16.)

When an ALJ finds the claimant's testimony as to the severity of pain and limitations due to impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude the ALJ did not arbitrarily discredit claimant's testimony. *Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002); *Bunnell*, 947 F.2d at 345-46. While the ALJ cannot disregard a claimant's subjective complaints regarding the severity of his or her symptoms solely because there is a lack of objective medical evidence to support the testimony, there must be some objective medical evidence of an impairment for the time at

issue.  However, the lack of objective medical evidence is just one factor considered by the Commissioner.  *Bunnell*, 947 F.2d at 346.  Once there is evidence of a medically determinable impairment likely to cause an alleged symptom, the ALJ must provide specific and cogent reasons for rejecting a claimant's subjective complaints.  *Bunnell*, 947 F.2d at 346.  In the absence of affirmative evidence of malingering, the ALJ's reasons must be "clear and convincing."  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *Morgan*, 169 F.3d at 599.  The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony."  *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001)(citation omitted).

In addition to the "ordinary techniques of credibility evaluation," the following factors may be considered: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and her conduct; (3) claimant's daily living activities; (4) claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of claimant's condition.  *Id*.; *Thomas*, 278 F.3d at 958.

Here, there is no evidence of malingering; thus the ALJ's credibility determination must be supported by "clear and convincing" reasons.   ALJ Reed specifically found Plaintiff's statements concerning the "intensity, persistence and limiting effects" of her symptoms were "not entirely credible" and cited inconsistencies between Plaintiff's hearing testimony and medical

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

records in which she denied the alleged problems. (Tr. 21.) Although Plaintiff argues her testimony did not contradict her written responses in medical records, other "clear and convincing" reasons adequately support the ALJ's credibility determination. For example, the ALJ found (1) there was no objective medical evidence to support alleged limitations of Plaintiffs upper extremities; (2) Plaintiff did not complain of unresolved back problems until September 2005, contrary to an alleged onset date of 2004; (3) there was no medical evidence to indicate a worsening of her condition and objective testing indicated her condition improved; (4) treatment notes indicated physical exams within normal limits; (5) Plaintiff reported moving boxes in July 2006, an activity inconsistent with her alleged limitations; (6) Plaintiff's activities of daily living were inconsistent with her stated limitations; (7) and Plaintiff failed to follow through with prescribed physical therapy and surgery for her back problems. (*Id.*) Further, the ALJ referenced Plaintiff's vague and inconsistent statements about methamphetamine use and treatment, (Tr. 21, 298, 303), factors that significantly erode Plaintiff's credibility. *Thomas*, 278 F.3d at 959; *Verduzco v. Apfel,* 188 F.3d 1087, 1090 (9th Cir. 1999) (claimant's inconsistencies and lack of candor about substance abuse support adverse credibility finding).[1]

---

[1] Parenthetically, on independent review, the court notes other substantial evidence to support the ALJ's concern regarding Plaintiff's credibility. For example, at the July 15, 2006, visit to the emergency room, Plaintiff reported she was participating in substance abuse treatment. (Tr. 261.) However, at the October

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

The ALJ's reasons for discounting Plaintiff's subjective testimony are "clear and convincing," and supported by substantial evidence specifically referenced by the ALJ in her decision. (Tr. 21; *see e.g.* Tr. 149-52, 193, 201, 251, 257, 261, 272, 273-75.) The ALJ did not err in her credibility determination.

**B.   Evaluation of Treating Source Medical Opinions**

ALJ Reed found Plaintiff's degenerative disk disease was a severe impairment, but concluded Plaintiff retained the ability to do light work as a bingo floor attendant as previously performed. (Tr. 18, 22.)  Plaintiff argues the ALJ's determination of non-disability improperly ignores a letter from her treating physician, Charles Laudenbach, M.D., dated September 20, 2006, in which he states Plaintiff "is not capable of performing any work at this time." (Tr. 259.)  Plaintiff contends this opinion should be given "controlling weight," which when credited, entitles her to disability benefits. (Ct. Rec. 11 at 14-15.)

In evaluating a disability claim, the adjudicator must consider all medical evidence provided. A treating or examining physician's opinion is given more weight than that of a non-examining physician.

---

hearing when Plaintiff admitted last using methamphetamine five months before the hearing, she stated she could not recall when she was last in substance abuse treatment or how long she was abstinent before her last drug use. (Tr. 331-32, 336-37.) She then testified she currently was participating in outpatient treatment and random drug testing with the Department of Corrections stemming from a criminal charge of drug possession. (Tr. 332, 347.) These contradictory statements impugn Plaintiff's credibility and candor.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

*Benecke v. Barnhart,* 379 F.3d 587, 592 (9th Cir. 2004). If the treating physician's opinions are not contradicted, they can be rejected by the decision-maker only with "clear and convincing reasons." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If contradicted, the ALJ may reject the opinion with specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995).

Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate reasons for disregarding the treating physician's opinion. *Flaten*, 44 F.3d at 1463-64; *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir 1989). An unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment may negatively affect a claimant's credibility determination. *Fair*, 885 F.2d at 603.

The ALJ need not accept a treating source opinion that is "brief, conclusory and inadequately supported by clinical findings." *Lingenfelter*, 504 F.3d at 1044-45 (*citing Thomas*, 278 F.3d at 957). Where an ALJ determines a treating or examining physician's stated opinion is materially inconsistent with the physician's own treatment notes, legitimate grounds exist for considering the purpose for which the doctor's report was obtained and for rejecting the inconsistent, unsupported opinion. *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996). "Although a treating physician's opinion

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

is generally afforded the greatest weight in disability cases, it is not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability." *Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1195 (9th Cir. 2004) (*quoting Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). In assessing the medical evidence, the ALJ properly may consider a claimant's credibility when there are conflicting medical opinions. *Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005).

Medical records indicate Dr. Laudenbach began treating Plaintiff in August 2004. (Tr. 211.) Plaintiff first complained of joint pain, swelling in her hand and back pain in October 2005, reporting that the back pain had bothered her for about one month. (Tr. 218.) Imaging reports dated January 2006 indicate compression of the L5-S1 nerve root, a condition that could cause back pain. (Tr. 225.) After exam and consultation with neurosurgeon Dean Martz, M.D., in May 2006, it was determined Plaintiff had lumbar disc herniation causing radicular left leg pain, and surgery was scheduled for June 2006. (Tr. 231-34.) Plaintiff failed to show for her surgery, and explained at the October 2006 hearing she was afraid to go. (Tr. 335.) However, according to a July 15, 2006, record from Sacred Heart Medical Center emergency room, she reported she missed surgery because she was out of town with her daughter. (Tr. 261.) Plaintiff also visited Deaconess Medical Center emergency room on July 27, 2006, complaining of back pain. (Tr. 251.) The attending doctor, Thomas Tobin, M.D., reported "no evidence of radiculopathy or acute nerve impingement," and

prescribed pain medication. (Tr. 251-52.) On August 9, 2006, Plaintiff was treated at Rockwood Clinic urgent care for back pain and headache. Attending physician Kim Cunningham-Hartwig, M.D., found "no objective neurologic deficits" and reported patient "did not feel it was necessary to obtain radiograph evaluation." Pain medication was administered, with instructions to follow up with Dr. Laudenbach. (Tr. 257-58.) It appears Plaintiff also went to Sacred Heart Medical Center emergency room on the same day, August 9, 2006, complaining of back pain and vomiting. (Tr. 264.) Attending physician Darin Neven, M.D., noted she was in "mild distress" and treated her with pain medication.

The last treatment note signed by Dr. Laudenbach is dated March 16, 2006, when he prescribed physical therapy, (Tr. 267-80), discussed the risks of addiction to prescription drugs, and referred Plaintiff to Dr. Martz for a surgery consult. (Tr. 223.) In August 2006, after she failed to report for surgery, Plaintiff was seen at Dr. Laudenbach's clinic and referred to Dr. Meyer for a second neurological consult. (Tr. 279.)

On September 20, 2006, Dr. Laudenbach wrote a one paragraph letter to Plaintiff's attorney, and opined that "because of Ms. Chavez's radicular symptoms, I do not feel that she is capable of performing any work at this time." This letter was written before the rescheduled neurology consult with Dr. Meyer. (Tr. 259.)

On October 26, 2006, after a complete examination and review of a new MRI, Dr. Meyer concluded Plaintiff's condition had improved and surgery was no longer a reasonable recommendation. She noted during her examination that Plaintiff was "neurologically intact."

She concluded Plaintiff's symptoms were due to "musculoskeletal and mechanical malalignment," and recommended physical therapy. (Tr. 281-87.)  Dr. Meyer did not opine that Plaintiff was unable to perform work.

After a thorough discussion of the medical evidence, the ALJ gave no weight to Dr. Laudenbach's brief letter opinion that Plaintiff could not work at all, correctly noting that a determination of disability, as defined by the Social Security Act, is "an opinion reserved to the Commissioner."[2] (Tr.19, 21-22.) She then gave "clear and convincing" reasons for rejecting the conclusory opinion.  Specifically, she found his opinion was not supported by other medical evidence and chart notes did not indicate the severity of symptoms continued for more than 12 months. [3] (Tr. 21.)  She also found Dr. Martz, the first specialist seen in May 2006, noted Plaintiff had normal strength and gait, did not have a lot of back pain, and was continuing to work as a nurse assistant. These findings are supported by the medical records, in which Dr. Martz also reported that Plaintiff had unlimited back range of motion. (Tr.  21, 231-33.)

The ALJ gave significant weight to findings from neurology specialist Kathryn Meyer, M.D., based on MRI reports from October 2006, that showed improvement in Plaintiff's condition and did not support surgical intervention.  This was not legal error.  Contrary

---

[2] 20 C.F.R. §§ 404.1527(e), 416.927(e).

[3] For an impairment to be meet or equal a listing, the impairment must last or be expected to last for a continuous period of 12 months.  20 C.F.R. §§ 404.1505, 416.905.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13

to Plaintiff's argument, a treating physician's opinion is controlling only if "supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record." *SSR* 96-8p. Further, an examining physician's findings are substantial evidence if they are based on independent clinical evidence "that the treating physician has not [himself] considered." *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007). The opinions of a specialist, such as Dr. Meyer, are given more weight than opinions of medical sources who are not specialists in the relevant area of practice. 20 C.F.R. §§ 404.1527(d)(5), 416.927(d)5).

The ALJ also reasoned Dr. Meyer's assessment was consistent with more recent emergency room reports (showing normal neurological examination), the non-examining physician's contradicting RFC assessment [4] and physical therapy reports. (Tr. 21-22, 239-46, 267-80.)

The ALJ's "clear and convincing" reasons for rejecting Dr.

---

[4] In July 2006, Dr. Norman Staley, nonexamining agency physician, reviewed the medical record and found Plaintiff was capable of light work with postural limitations. (Tr. 239-46.) "State agency medical and psychological consultants are highly qualified physicians and psychologists who are experts in the evaluation of medical issues in disability claims under the Social Security Act." *SSR* 96-6p. *Id.* Their findings of fact must be treated as expert opinion evidence of nonexamining sources by the ALJ, who can give weight to these opinions insofar as they are supported by evidence in the case record.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 14

Lautenbach letter opinion are supported by substantial evidence and without legal error.  *See Holohan,* 246 F.3d at 1207.

## CONCLUSION

The ALJ thoroughly detailed the medical evidence in the record and properly evaluated the medical opinions in considering Plaintiff's medically determinable impairment.  The evidence reasonably supports the ALJ's evaluation and rejection of Dr. Laudenbach's opinion that Plaintiff was unable to do any type of work.  The ALJ's credibility determination is legally sufficient and fully supported by the record in its entirety. Her determination of non-disability is based on substantial evidence and free of legal error.  Accordingly,

**IT IS ORDERED:**

1.   Plaintiff's Motion for Summary Judgment **(Ct. Rec. 10)** is **DENIED**;

2.   Defendant's Motion for Summary Judgment **(Ct. Rec. 12)** is **GRANTED;**

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant, and the file shall be **CLOSED.**

DATED August 4, 2008.


                    S/ CYNTHIA IMBROGNO
               UNITED STATES MAGISTRATE JUDGE

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 15